UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUNIOR ALEXANDER PEREZ GAITAN,

Petitioner,

v.

Case No. 2:26-cv-2736-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.

______________________________/

**ORDER**

Petitioner Junior Alexander Perez Gaitan is currently detained by U.S. Immigration and Customs Enforcement. He received a bond hearing on August 16, 2026 (Doc. 1 at 23-27). He now claims that his detention violates the Immigration and Nationality Act and the Fifth Amendment. (Doc. 1.)[1] The Government opposes the petition. (Doc. 3.)

Gaitan seems to suggest that he is entitled to release because his detention has become unconstitutionally prolonged under the Fifth Amendment. The Court cannot agree. Gaitan's "detention will not be indefinite, but rather will have a definite termination point when [his] immigration proceeding concludes." *Camargo v. Warden*, No. 0:26-CV-62130,

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

2026 WL 2723424, at *3 (S.D. Fla. Aug. 26, 2026). Gaitan "has received a bond hearing, and he has not been detained for a year. [His] detention does not violate [his] right to substantive due process." *Id.*

The Court does not otherwise have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). Gaitan has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See id.* § 1003.19(e). But this Court does not sit in appellate review of the bond hearing, which is what Gaitan asks. *See Guerrero v. Decker*, No. 19-CV-8092 (RA), 2019 WL 5683372, at *6 (S.D.N.Y. Nov. 1, 2019); *Mugiraneza v. Whitaker*, No. 6:19-CV-06140-MAT, 2019 WL 2395316, at *5 (W.D.N.Y. June 6, 2019) ("District courts sitting in habeas review therefore have no jurisdiction to review an IJ's discretionary decision denying bond.").

Because Gaitan has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on October 28, 2026.

Kyle C. Dudek
United States District Judge